UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JOHNNY G. LOCKETT
2735 West Bobolink Avenue
Milwaukee, Wisconsin 53203

    Plaintiff,

vs.                             Case No:

CARGILL MEAT SOLUTIONS CORP.     **JURY TRIAL DEMANDED**
151 North Main Street
Wichita, Kansas 67202

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Johnny G. Lockett, by his counsel, HEINS LAW OFFICE LLC, as and for a claim against the Defendant, alleges and shows to the court as follows:

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question.

2. The unlawful employment practices of which the Plaintiff complains occurred within the Eastern District of Wisconsin and venue is therefore proper in this District pursuant to 29 U.S.C. § 2617.

3. Plaintiff, Johnny G. Lockett, is an adult resident of the State of Wisconsin residing in Milwaukee County with a post office address of 2735 West Bobolink Avenue, Milwaukee, Wisconsin 53203.

4. Defendant, Cargill Meat Solutions Corporation, was, at all times material herein, a domestic corporation doing business in the State of Wisconsin and in interstate commerce with

its principal office located at 151 North Main Street, Wichita, Kansas 67202, and a Wisconsin location at 4700 North 132nd Street, Post Office Box 913, Butler, Wisconsin 53007. Defendant was, at all times material herein, a covered employer under the Family & Medical Leave Act ("FMLA").

5. Plaintiff was a general laborer for the Defendant from June 11, 2008 until his termination on August 18, 2009. At all times material herein, the Plaintiff performed his job duties in accordance with the Defendant's reasonable expectations.

6. Plaintiff worked at least 1250 hours in the applicable year preceding his claim against the Defendant, and he was eligible to take leave under the FMLA.

7. Plaintiff did not exceed his allowable leave under the FMLA for any leave period referenced herein.

8. Plaintiff was not a "key employee" for FMLA purposes.

9. Defendant maintains a "no fault" attendance policy for its employees, in which Defendant disciplines employees based on the number of points for absences accumulated during any twelve-month period, regardless of the reason for the absence. Defendant does not accept doctor's excuses for absences.

10. During the Plaintiff's employment with the Defendant, the Plaintiff suffered serious medical problems with his gastrointestinal system and related issues with his sinuses. On various occasions throughout the Plaintiff's employment with the Defendant, the Plaintiff received medical treatment for these serious health conditions, including treatment for abdominal pain, sinus infection, and gastroesophageal reflux.

11. When the Plaintiff's serious medical conditions and required medical treatment for same caused him to miss work, he notified the Defendant that he would be absent.

2

12. Upon returning to work for absences caused by these serious medical conditions, the Plaintiff provided the Defendant with doctors' excuses documenting his serious medical conditions and justifying his absences.

13. Defendant refused to accept any doctor's excuses from the Plaintiff for any reason.

14. Following his discharge from employment, the Plaintiff's serious medical conditions for which he had received treatment while employed by Defendant were officially diagnosed as Gastroesophageal Reflux Disease ("GERD"), Esophagitis, and Gastritis.

15. Gastroesophageal reflux occurs when the lower esophageal sphincter opens spontaneously for varying periods of time, or does not close properly and stomach contents rise up into the esophagus.

16. GERD is persistent gastroesophageal reflux that occurs at least three times a week. Esophagitis is an irritation in the lining of the esophagus.

17. Gastritis is an inflammation of the stomach lining, causing stomach pain, nausea, abdominal bloating, vomiting, and bleeding of the stomach.

18. During the Plaintiff's employment, he put the Defendant on notice that he should have been offered FMLA leave for his serious health conditions by providing the Defendant with medical documentation from his physician describing his treatment and conditions.

19. Defendant refused to accept the Plaintiff's medical documentation upon his return to work. Instead, the Defendant counted the Plaintiff's medical absences against the Plaintiff's attendance requirements under its "no fault" attendance policy.

20. Defendant neither acknowledged that the Plaintiff's absences may have qualified under the FMLA nor informed the Plaintiff of his rights under the FMLA.

21. On or about August 18, 2009, Defendant terminated the Plaintiff's employment for violating the Defendant's "no fault" attendance policy, the points for which included points assessed against him for missing work due to his serious health conditions.

22. Plaintiff has satisfied all conditions precedent to bringing this action.

## CAUSE OF ACTION

23. Plaintiff realleges and incorporates paragraphs 1-22 of this complaint by reference.

24. Defendant intentionally discriminated against the Plaintiff by discharging him for exercising his rights under the Family & Medical Leave Act, 29 U.S.C. § 2601 et seq., in reckless disregard of his federally protected rights.

25. As a result of Defendant's intentional discrimination, the Plaintiff has suffered damages in the form of loss of wages and other employment benefits, liquidated damages, and attorney fees and costs.

WHEREFORE, the Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing appropriate back pay, front pay and/or reinstatement, liquidated damages, prejudgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

2. Grant to Plaintiff his attorney fees, costs and disbursements;

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY OF TWELVE AS TO ALL TRIABLE ISSUES.**

Dated this 17th day of September, 2010.

                                              HEINS LAW OFFICE LLC
                                              Counsel for the Plaintiff

                                              *s/ Janet L. Heins*
                                              Janet L. Heins, State Bar No. 1000677
                                              James A. Walcheske, State Bar No. 1065635
                                              Michael G. Miner, State Bar No. 1068404
                                              Scott S. Luzi, State Bar No. 1067405

HEINS LAW OFFICE LLC
1001 West Glen Oaks Lane, Suite 101
Mequon, Wisconsin 53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@bizwi.rr.com
jwalcheske@bizwi.rr.com
mminer@bizwi.rr.com
sluzi@bizwi.rr.com